UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| PC CONNECTION, INC. d/b/a CONNECTION, | |
| Plaintiff, | |
| v. | Civil Action No. 1:22-cv-00397-JL |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | |
| Defendant. | |

**SUR-REPLY IN RESPONSE TO IBM'S REPLY TO CONNECTION'S OBJECTION TO MOTION TO DISMISS**

**I.     CONNECTION HAS STATED A CLAIM FOR BREACH OF CONTRACT**

    **A.     Breach of Express Warranties**

IBM argues the 2017 SOW is a services contract and that New York does not recognize claims for breach of warranty in the performance of services. Whether the SOW was predominantly for goods or services, or was a hybrid of the two, is a factual question not suitable for determination on a motion to dismiss. *See Nielsen Media Rsch., Inc. v. Microsystems Software, Inc.*, 2002 WL 31175223, at *9 (S.D.N.Y. Sept. 30, 2002). However, even were the 2017 SOW treated as a services contract, IBM's argument fails. New York courts have repeatedly recognized a claim for breach of contract based on breach of an express warranty in a services contract. Obj. at 10-13. IBM has not cited a single case in which a court dismissed such a claim. Instead, IBM relies on cases such as *Orlander v. Staples, Inc.*, 2014 WL 2933152, at *5-7 (S.D.N.Y. Jun. 30, 2014), *vacated and remanded* 802 F.3d 289 (2nd Cir. 2015), in which courts dismissed claims alleging breach of express or implied warranties arising ***under the UCC***, not under a contract.[1] These cases are inapposite.

    **B.     Breach of Non-Warranty Provisions**

As for Connection's remaining breach of contract allegations, IBM disregards precedent holding that Rule 8(a) does not require a defendant to plead particular contract provisions. Obj. at 18 (citing, e.g., *Balsamo v. University Sys. Of N.H.,* 2011 WL 4566111, at *1 (D.N.H. Sept. 30, 2011)). Moreover, IBM's argument that Connection relies solely on "vague" and

---

[1] In *Orlander*, the plaintiff brought various claims arising from his purchase of a defective computer from Staples. The District Court dismissed claims alleging breach of express and implied warranties under N.Y.U.C.C. §§ 2-313(1)(a) and 2-314. The District Court also dismissed a separate contract claim alleging breach of a Staples computer service plan. On appeal, the Second Circuit reversed and reinstated the plaintiff's breach of contract claim. *Orlander* does not support IBM's argument that New York bars claims for breach of express warranties in contracts for services.

1

"conclusory" allegations, without reference to "*any* contract provision," Reply at 6 (emphasis in original), simply ignores the detailed allegations in the Complaint. Obj. at 9-10. These allegations are sufficient under Rule 8(a) and under New York law.

    C.    **Statute of Limitations**

IBM argues Connection "has not alleged any IBM breach that occurred after April 30, 2020," and then dismisses the May 15, 2020 go-live date merely as the date "Connection first learned of system defects." Reply at 6-7. This argument lacks merit. Under the 2017 SOW, IBM was responsible for the design, testing, and implementation of the E1 system, and the go-live date was supposed to represent the delivery of a completed and functional system. The system failed at go-live, not earlier. Under contracts like this, where performance occurs over a period of time, a cause of action for breach occurs upon delivery or completion of performance. *See Richard A. Rosenblatt & Co. v. Davidge Data Sys. Corp.*, 743 N.Y.S.2d 471, 472 (N.Y. App. Div. 2002); *Starkis v. Baker*, 993 N.Y.S. 2d 177, 179 (N.Y. App. Div. 2014); *see also Ross Networks, Inc. v. RSM McGladrey, Inc.*, 819 N.Y.S.2d 851 (2006) ("Where a contract provides for continuing performance over a period of time, each breach may begin the running of the statute anew such that accrual occurs continuously") (quoting *Airco Alloys Div. v. Niagara Mohawk Power Corp.*, 430 N.Y.S.2d 179 (N.Y. App. Div. 1980)).

**II.    CONNECTION'S CLAIM FOR CONTRACTUAL INDEMNIFICATION STANDS**

The 2017 SOW specifically requires IBM to indemnify Connection from and against damages, costs and expenses (including attorney's fees) arising from "(a) any claim by a third party," "(b) any breach by IBM of this Agreement," or "(c) any breach by IBM of any confidentiality, privacy, or security obligation under this Agreement." IBM does not dispute that its proposed interpretation of the provision (as covering only third-party claims) would render

the above language mere surplusage. Nor does IBM suggest how clauses (b) and (c) above could apply to third-party claims, since Connection and IBM are the only parties to the SOW. *See Shah v. 20 East 64th St., LLC*, 154 N.Y.S.3d 6, 20-21 (N.Y. App. Div. 2021) (clause in indemnity provision, which applied to losses arising from "Owner's breach of any of its obligations under this Agreement," reflected parties' intent to provide interparty indemnification, since plaintiffs were "the only party to the Access Agreement to which [the Owner's] obligations run"). Moreover, IBM's Reply ignores extensive precedent in which federal and state courts in New York have held that indemnification provisions like this reflect a clear and unmistakable intent to apply to interparty claims. *See* Obj. at 16-17; *see also In re Refco Sec. Litig.*, 890 F. Supp. 2d 332, 344 (S.D.N.Y. 2012) ("Indemnification provisions that specifically distinguish third-party claims from interparty claims indicate an intent to cover claims between the parties, as those distinctions 'would be surplusage if [the indemnification provision] did not refer also to claims between the parties themselves'"); *Pfizer, Inc. v. Stryker Corp.*, 348 F. Supp. 2d 131, 146 (S.D.N.Y. 2004) (similar); *Promuto v. Waste Mgmt., Inc.*, 44 F. Supp. 2d 628, 651 (S.D.N.Y. 1999) (similar).

      The three cases relied on by IBM, Reply at 8, ignore this precedent. Moreover, two of the cases are readily distinguishable, as they involved contracts with notice of claim and assumption of defense provisions which evidenced an intent <u>not</u> to cover intra-party claims. *India Globalization Cap., Inc. v. Apogee Fin. Invs., Inc.*, 2022 WL 671172, at *8-10 (S.D.N.Y. Mar. 4, 2022) ("notice of claim and assumption of defense provisions make little sense when the contracting parties are suing each other"); *JMP Sec. LLP v. Altair Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1038-40 (N.D. Cal. July 23, 2012) ("To apply these provisions to litigation between the parties would be absurd"). The 2017 SOW has no such provisions.

### III. CONNECTION SUFFICIENTLY PLED ITS FRAUD CLAIMS

As to the first *Bridgestone* factor, Connection does not confuse, as IBM suggests, fiduciary and special relationships. Rather, Connection argues that under New York law an independent legal duty arises where the parties have a special relationship of trust and confidence. *See* Obj. at 20; *see also Goll v. N.Y. State Bar Ass'n*, 602 N.Y.S.2d 384, 386 (N.Y. App. Div. 1993).[2]

As to the second *Bridgestone* factor, IBM's contention that statements of present fact are only collateral to a contract in fraudulent inducement claims—and that Connection cited no cases outside of this context—is inaccurate. IBM's argument ignores the authority already cited by Connection, which holds that statements of present fact made to continue performance under an existing contract or to hide deficient performance are not duplicative of fraud claims, even if made *post*-contract formation. Obj. at 23. Similarly, IBM's argument that a statement is not of present fact when it relates to a contractual promise disregards clear Second Circuit precedent on this issue. *See Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 184 (2d Cir. 2007).

In pleading its fraud claims, Connection has alleged actionable misrepresentations. Obj. at 32-33. IBM's argument that statements of opinion must involve "verifiable fact," Reply at 16, is inaccurate. *See N. Fork Partners Inv. Holdings, LLC v. Bracken*, 2021 WL 4124950, at *6 (S.D.N.Y. Sept. 9, 2021) (opinions are actionable "not because the opinion is 'objectively' wrong" but because the speaker did not hold the opinion or was aware there was no reasonable

---

[2] Connection also alleged IBM's superior knowledge created a duty to disclose. *See* Compl. at ¶¶ 7-8, 34-40, 48-50, 62-66. *Wild Bunch*, cited in Connection's Objection, does not stand alone. *See Tomoka Re Holdings, Inc. v. Loughlin*, 2004 WL 1118178, at *5 (S.D.N.Y. May 19, 2004); *Eastman Kodak Co. v. Wachovia Bank Nat. Ass'n*, 2007 WL 2406919, at *5 (W.D.N.Y. Aug. 21, 2007).

basis); *Freud v. Weinstein*, 2009 WL 2045530, at *2 (E.D.N.Y. July 8, 2009) (statements of opinion are actionable if made in bad faith or not reasonably supported by evidence).

## IV. THE MERGER CLAUSE DOES NOT BAR CONNECTION'S CLAIM

IBM's argument regarding the SOW merger clause is contrary to binding Second Circuit precedent which holds that in order to be considered sufficiently specific to bar a fraudulent inducement claim, a merger clause must contain "explicit disclaimers of the particular representations that form the basis" of the claim and that "the touchstone is specificity." *Manufacturers Hanover Trust Co. v. Yanakas*, 7 F.3d 310, 316 (2d Cir. 1993) (emphasis added). Following this clear directive, the weight of authority has found that boilerplate merger clauses similar to – or even more specific than – the clause presented here were too vague or general to bar a fraudulent inducement claim. *See Fierro v. Gallucci*, 2008 WL 2039545, at *13 (E.D.N.Y. May 12, 2008); *Hernandez v. Money Source Inc.*, 2021 WL 1402257, at *14 (E.D.N.Y. Mar. 5, 2021); *Icebox-Scoops v. Finanz St. Honore, B.V.*, 676 F. Supp. 2d 100, 112 (E.D.N.Y. 2009); *Korff v. Hilton Resorts Corp.*, 506 Fed. App'x 473, 474-79 (6th Cir. 2012) (collecting New York cases).

Moreover, even if the merger clause is sufficiently specific, Connection's claim is not barred because Connection alleges IBM had superior and peculiar knowledge related to their misrepresentations. *See Koch v. Greenberg*, 626 Fed. App'x 335, 338 (2d Cir. 2015) ("New York courts have held that whether a defendant has peculiar knowledge that defeats a specific disclaimer … is a matter of fact for the jury"); *Capax Discovery, Inc. v. AEP RSD Investors, LLC*, 285 F. Supp. 3d 579, 591 (W.D.N.Y. 2018) (similar).

5

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | PC CONNECTION, INC. d/b/a CONNECTION |
|  | By its attorneys, |
| Dated: February 21, 2023 | /s/ *Christopher H.M. Carter* <br> Christopher H.M. Carter (#12452) <br> Daniel M. Deschenes (#14889) <br> Hinckley, Allen & Snyder LLP <br> 650 Elm Street, Suite 500 <br> Manchester, NH 03101 <br> Telephone: (603) 225-4334 <br> ccarter@hinckleyallen.com <br> ddeschenes@hinckleyallen.com |
|  | Cassandra T. Desjourdy (*admitted pro hac vice*) <br> Hinckley, Allen & Snyder LLP <br> 28 State Street <br> Boston, MA 02109 <br> Telephone: (617) 378-4203 <br> cdesjourdy@hinckleyallen.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the above date a copy of the foregoing document was filed and will be sent electronically to the registered participants identified on the Notice of Electronic Filing.

/s/ *Christopher H.M. Carter*
Christopher H.M. Carter