# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| PC CONNECTION, INC. d/b/a CONNECTION,<br><br>*Plaintiff*,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>*Defendant*. | Civil Action No.: 1:22-cv-00397-JL<br><br>The Honorable Joseph N. Laplante |

## IBM'S ANSWER AND AFFIRMATIVE DEFENSES TO PC CONNECTION'S COMPLAINT

International Business Machines Corporation (IBM), by and through its undersigned attorneys, hereby submits its answer and affirmative defenses in response to the Complaint filed by PC Connection, Inc. d/b/a Connection (Connection or Plaintiff) in this Court on September 30, 2022.

### INTRODUCTION

1. IBM admits that on August 7, 2017, IBM and Connection entered into a Statement of Work (the 2017 SOW) whereby it was to provide services to assist Connection with the upgrade of its existing JD Edwards (JDE) software to the newer JDE 9.2 software platform, referred to as Enterprise One or E1. Under the 2017 SOW, IBM and Connection were to work jointly on the software implementation Project. As set forth in the 2017 SOW, Connection was either responsible for, or was to assist IBM, with the software implementation tasks. The 2017 SOW stated that it was Connection's objective and IBM's philosophy to leverage the standard (vanilla) Enterprise One capabilities, and to minimize software customizations where feasible. The parties expressly acknowledged in the 2017 SOW that the expected Project cost of $9.2 million and

1

completion timeline were estimates, and that it was IBM's and Connection's objective to use reasonable efforts to meet those estimates. Both parties acknowledged the cost and time estimates were based on assumptions within the 2017 SOW. IBM fulfilled its obligations under the SOW. IBM otherwise denies the allegations in Paragraph 1.

2. To IBM's knowledge Connection is a provider of information technology solutions and had used a customized ERP system. IBM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 and therefore denies them on that basis.

3. IBM states that in 2011 it entered into a form IBM Customer Agreement (2011 Agreement) with Connection. The 2011 Agreement was to cover potential transactions for Connection to purchase machines, license programs, and services from IBM. IBM denies that prior to 2013 it had an "ongoing relationship with Connection as a consultant." On information and belief, prior to 2013, IBM is aware of one project it had with Connection, which was to assist in developing a roadmap for Connection's Master Data Management (MDM) program. IBM admits that Connection had a JDE platform. IBM otherwise denies the allegations in Paragraph 3.

4. IBM lacks knowledge or information sufficient to form a belief as to Connection's business model and success, and therefore denies the allegations in Paragraph 4 on that basis. IBM's understanding of the objectives of Connection's software upgrade are set forth in the 2017 SOW, which is a document that speaks for itself. IBM otherwise denies the allegations in Paragraph 4.

5. The 2017 SOW sets forth the plan regarding Connection's ERP upgrade, which both IBM and Connection agreed on. The 2017 SOW is a document that speaks for itself. IBM otherwise denies the allegations in Paragraph 5.

6. IBM admits that it had extensive experience and expertise in software implementation, including with JDE software implementations. IBM otherwise denies the allegations in Paragraph 6.

7. IBM admits that in 2016 Connection and IBM entered into a letter of agreement for IBM to support Connection's pre-planning activities relating to its E1 upgrade (2016 letter). The 2016 letter speaks for itself. While IBM does not know what Connection labels as the "Discovery Assessment," IBM admits that, in accordance with the 2016 letter, Connection and IBM personnel participated in workshops to analyze Connection's existing ERP system. The output from the 2016 letter was set forth in the 2017 SOW. IBM otherwise denies the allegations in Paragraph 7.

8. The services performed by IBM on the 2016 letter were conducted on a time and material basis. On information and belief, the fees charged for its services relating to the 2016 letter were approximately $600,000. The output from the work performed in connection with the 2016 letter was set forth in the 2017 SOW. The 2017 SOW stated, among other things, that the parties' goal was to "leverage the standard, 'out of the box' functionality that the base JDE 9.2 software offers, combined with streamlined and standardized business practices whenever possible." The 2017 SOW further stated that the project team would "work to reduce the number of customizations and combine and standardize functionality" where feasible. The parties expressly acknowledged in the 2017 SOW that the Project timeline and budget were estimates based on certain assumptions. IBM otherwise denies the allegations in Paragraph 8.

9. IBM repeats and incorporates its above Answers regarding the 2016 letter and the 2017 SOW. IBM otherwise denies the allegations in Paragraph 9.

10. IBM denies the allegations in Paragraph 10.

11. IBM repeats and incorporates its above Answers regarding the 2017 SOW. IBM admits on August 7, 2017, it entered into a Statement of Work with Connection, and that Connection agreed to the terms in the 2017 SOW. The 2017 SOW is a document that speaks for itself. IBM otherwise denies the allegations in Paragraph 11.

12. IBM admits that Connection agreed to the 2017 SOW terms, including the merger clause. The 2017 SOW is a document that speaks for itself. IBM otherwise denies the allegations in Paragraph 12.

13. IBM denies the allegations in Paragraph 13.

14. IBM restates and incorporates its above Answers, including its Answer to Paragraph 6. IBM denies the allegations in Paragraph 14.

15. IBM denies the allegations in Paragraph 15.

16. IBM admits that IBM and Connection jointly assessed system readiness and concluded the system was ready to go-live in May 2020. IBM otherwise denies the allegations in Paragraph 16.

17. IBM denies the allegations in Paragraph 17.

18. IBM denies the allegations in Paragraph 18.

19. Paragraph 19 includes a statement of law and legal interpretation which IBM is not required to Answer. IBM denies the allegations in Paragraph 19.

**PARTIES**

20. IBM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies them on that basis.

21. IBM admits the allegations in Paragraph 21.

# JURISDICTION AND VENUE

22. IBM admits that IBM is a citizen of New York and does not contest that this Court has jurisdiction over this lawsuit. IBM otherwise denies the allegations in Paragraph 22.

23. For the purposes of this matter, IBM does not contest personal jurisdiction.

24. IBM admits that venue is proper in this District.

**A.** **Connection's Business**

25. IBM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies them on that basis.

26. IBM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies them on that basis.

27. IBM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies them on that basis.

28. IBM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies them on that basis.

**B.** **2016 IBM Contract to Conduct Discovery Assessment**

29. IBM admits that JDE was acquired by Oracle. IBM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation in Paragraph 29 and therefore denies them on that basis.

30. IBM repeats and incorporates its Answer to Paragraph 3. IBM otherwise denies the allegations in Paragraph 30.

31. IBM repeats and incorporates its Answer to Paragraph 6. IBM otherwise denies the allegations in Paragraph 31.

32. The 2017 SOW sets forth the parties' agreement regarding Connection's business needs and software upgrade. The 2017 SOW is a document that speaks for itself. IBM otherwise denies the allegations in Paragraph 32.

33. The 2017 SOW sets forth the parties' agreement regarding Connection's ERP upgrade, and in no way mentions or incorporates a July 2013 PowerPoint presentation. The 2017 SOW speaks for itself. IBM otherwise denies the allegations in Paragraph 33.

34. IBM repeats and incorporates its Answer to Paragraph 33 and states the presentation speaks for itself. IBM otherwise denies the allegations in Paragraph 34.

35. IBM repeats and incorporates its Answers above, including its Answers to Paragraphs 7 and 8. IBM otherwise denies the allegations in Paragraph 35.

36. IBM repeats and incorporates its Answers above, including its Answers to Paragraphs 7 and 8, and states that the 2016 letter speaks for itself. IBM otherwise denies the allegations in Paragraph 36.

37. IBM repeats and incorporates its Answers to Paragraphs 7 and 8, and otherwise denies the allegations in Paragraph 37.

38. IBM repeats and incorporates its Answers to Paragraphs 7 and 8, and otherwise denies the allegations in Paragraph 38.

39. IBM repeats and incorporates its prior Answers regarding the 2016 letter, including its Answers to Paragraphs 7 and 8, and otherwise denies the allegations in Paragraph 39.

40. IBM denies the allegations in Paragraph 40.

41. IBM denies the allegations in Paragraph 41.

42. IBM denies the allegations in Paragraph 42.

### C. IBM's 2017 SOW For the E1 Implementation

43. IBM agrees that on August 7, 2017, it entered into a Statement of Work with Connection and that the contract sets forth IBM's and Connection's contractual responsibilities. The 2017 SOW is a document that speaks for itself. IBM otherwise denies the allegations in paragraph 43.

44. IBM admits that the 2017 SOW states that "Work under this 2017 SOW will be performed at the Connection facilities in Merrimack, NH except for any activities which IBM and Connection reasonably determines would be best performed on IBM's or other premises." IBM otherwise denies the allegations in Paragraph 44.

#### 1. IBM's Representations in the 2017 SOW

45. IBM repeats and incorporates its Answers relating to the 2017 SOW. The 2017 SOW is a document that speaks for itself. IBM otherwise denies the allegations in Paragraph 45.

46. IBM repeats and incorporates its Answers relating to the SOW, including its Answer to Paragraph 1. The 2017 SOW is a document that speaks for itself. IBM otherwise denies the allegations in Paragraph 46.

47. IBM denies the allegations in Paragraph 47.

#### 2. IBM's Scope of Work

48. IBM admits that the 2017 SOW included an Overview section that speaks for itself and, to the extent that the allegations or implications of Paragraph 48 conflict with that document, they are denied.

49. IBM admits the 2017 SOW includes implementation and Project tasks that IBM and Connection were responsible for (or required to assist) in performing. IBM states that the 2017 SOW speaks for itself and, to the extent that the allegations or implications of Paragraph 49 conflict with that document, they are denied.

50. IBM admits that the 2017 SOW includes an Appendix A: Deliverable Materials and that the Appendix included a list of Deliverable Materials that were "subject to the B-2 Deliverable Material Acceptance Procedure in Appendix B." Appendix A and the 2017 SOW speak for themselves and, to the extent that the allegations or implications of Paragraph 50 conflict with that document, they are denied. IBM otherwise denies the allegations in Paragraph 50.

51. IBM denies the allegations in Paragraph 51.

3. **IBM's Express Warranties**

52. IBM admits that the 2017 SOW included warranty provisions which speak for themselves and, to the extent that the allegations or implications of Paragraph 52 conflict with that document, they are denied.

53. IBM admits that the 2017 SOW included warranty provisions which speak for themselves and, to the extent that the allegations or implications of Paragraph 53 conflict with that document, they are denied.

54. IBM admits that the 2017 SOW included warranty provisions which speak for themselves and, to the extent that the allegations or implications of Paragraph 54 conflict with that document, they are denied.

55. IBM admits that the 2017 SOW included warranty provisions which speak for themselves and, to the extent that the allegations or implications of Paragraph 55 conflict with that document, they are denied.

56. IBM admits that the 2017 SOW included an indemnity provision but denies Connection's characterization of that provision. IBM further states that in its August 15, 2023 Memorandum Order the Court dismissed Connection's indemnity claim and, therefore, this allegation is irrelevant. IBM otherwise denies the allegations in Paragraph 56.

### D. IBM's Work Under the 2017 SOW

57. IBM admits work on the Project began or or around October 2017. IBM admits that sometime in 2018 Doug Willis no longer worked on the Project. IBM otherwise denies the allegations in Paragraph 57.

58. IBM repeats and incorporates its prior Answers regarding the 2017 SOW, including its Answer to Paragraph 1. The 2017 SOW speaks for itself. IBM otherwise denies the allegations in Paragraph 58.

59. IBM repeats and incorporates its prior Answers regarding the 2017 SOW, including its Answer to Paragraph 1. The 2017 SOW speaks for itself. IBM otherwise denies the allegations in Paragraph 59.

60. IBM admits Connection and IBM agreed in the 2017 SOW that the Project was estimated to be completed in a certain timeframe and at an estimated cost. IBM repeats and incorporates its Answer to Paragraph 1 and otherwise denies the allegations in Paragraph 60.

61. IBM admits that the parties jointly determined that the system was ready to go live in May 2020. IBM otherwise denies the allegations in Paragraph 61.

### F. IBM Pushed Connection Into a Failed Go-Live

62. IBM's and Connection's contractual responsibilities, including assessing whether the system was ready, were set forth in the 2017 SOW which is a document that speaks for itself. IBM states that the parties jointly worked on the Go-Live Readiness Assessment. IBM admits that it performed cut-over trials. IBM otherwise denies the allegations in Paragraph 62.

63. IBM admits that IBM and Connection jointly assessed and examined system readiness and determined the system was ready to go-live in May 2020. IBM admits the existence of a "Business Excellence Team" but otherwise denies the allegations in Paragraph 63.

64. IBM repeats and incorporates its Answers to Paragraphs 62 and 63. IBM otherwise denies the allegations in Paragraph 64.

65. Together IBM and Connection prepared and worked on the Go-Live Readiness Assessment and jointly determined that the system was ready to go live. The Go-Live Readiness Assessment speaks for itself. IBM otherwise denies the allegations in Paragraph 65.

66. IBM denies the allegations in Paragraph 66.

67. IBM admits that the conversion from JDE World to E1 began on May 15, 2020. IBM otherwise denies the allegations in Paragraph 67.

**G.** **IBM's Failure to Repair Defects and Deliver a Working System**

68. IBM repeats and incorporates its Answer to Paragraph 18 above and otherwise denies the allegations in Paragraph 68.

69. IBM repeats and incorporates its Answer to Paragraph 18 above. IBM otherwise denies the allegations in Paragraph 69.

70. IBM admits that it assisted Connection in resolving any system glitches and spent significant time on additional system customizations that Connection requested post go-live that were outside the Project scope. IBM denies that it failed to dispatch a "Red Team." IBM otherwise denies the allegations in Paragraph 70.

71. IBM denies the allegations in Paragraph 71.

72. IBM denies the allegations in Paragraph 72.

73. IBM denies the allegations in Paragraph 73.

74. IBM denies the allegations in Paragraph 74.

**H.** **System Design Defects and Deficiencies**

75. IBM denies the allegations in Paragraph 75.

76. IBM admits that the 2017 SOW set forth the Project scope and the tasks that Connection and IBM were either responsible for or were to assist in performing. The 2017 SOW is a document that speaks for itself. IBM otherwise denies the allegations in Paragraph 76.

77. IBM admits the allegations in paragraph 77.

78. IBM admits that IBM's and Connection's contractual responsibilities were set forth in the 2017 SOW which is a document that speaks for itself. IBM otherwise denies the allegations in Paragraph 78.

79. IBM denies the allegations in Paragraph 79.

80. IBM denies the allegations in Paragraph 80.

**2.  Invoicing**

81. IBM's and Connection's contractual responsibilities were set forth in the 2017 SOW which is a document that speaks for itself. IBM otherwise denies Paragraph 81.

82. IBM denies the allegations in Paragraph 82.

83. IBM denies the allegations in Paragraph 83.

**3.  Configure to Order**

84. IBM admits the allegations in Paragraph 84.

85. IBM admits that the 2017 SOW sets forth the Project scope and IBM's and Connection's contractual responsibilities. The 2017 SOW is a document that speaks for itself. IBM otherwise denies the allegations in Paragraph 85.

**4.  Physical Inventory & Lot Management**

86. IBM denies the allegations in Paragraph 86.

87. IBM denies the allegations in Paragraph 87.

88. IBM denies the allegations in Paragraph 88.

89. IBM denies the allegations in Paragraph 89.

90. IBM denies the allegations in Paragraph 90.

91. IBM denies the allegations in Paragraph 91.

## COUNT I
## BREACH OF CONTRACT

92. IBM repeats and incorporates by reference its Answers to Paragraphs 1 through 91 of the Complaint.

93. IBM admits the allegations in Paragraph 93.

94. IBM denies the allegations in Paragraph 94.

95. IBM repeats and incorporates its Answers above and states that both parties had contractual obligations as set forth in the SOW. The 2017 SOW is a document that speaks for itself and, to the extent that the allegations or implications of Paragraph 95 conflict with that document, they are denied. IBM otherwise denies the allegations in Paragraph 95.

96. IBM denies the allegations in Paragraph 96.

97. IBM denies the allegations in Paragraph 97.

98. IBM denies the allegations in Paragraph 98.

99. IBM denies the allegations in Paragraph 99.

100. IBM denies the allegations in Paragraph 100.

101. IBM denies the allegations in Paragraph 101.

## COUNT II
## CONTRACTUAL INDEMNIFICATION

102. IBM repeats and incorporates by reference its Answers to Paragraphs 1 through 101 of the Complaint. In its August 15, 2023 Memorandum Order, the Court dismissed Count II and therefore an Answer by IBM is not required.

103. In its August 15, 2023 Memorandum Order, the Court dismissed Count II and therefore an Answer by IBM is not required. To the extent an Answer is required, the allegations in Paragraph 103 are denied.

104. In its August 15, 2023 Memorandum Order, the Court dismissed Count II and therefore an Answer by IBM is not required. To the extent an Answer is required, the allegations in Paragraph 104 are denied.

105. In its August 15, 2023 Memorandum Order, the Court dismissed Count II and therefore an Answer by IBM is not required. To the extent an Answer is required, the allegations in Paragraph 105 are denied.

106. In its August 15, 2023 Memorandum Order, the Court dismissed Count II and therefore an Answer by IBM is not required. To the extent an Answer is required, the allegations in Paragraph 106 are denied.

## COUNT III
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

107. IBM repeats and incorporates by reference its Answers to Paragraphs 1 through 106 of the Complaint.

108. Paragraph 108 includes a statement of law and legal interpretation which IBM is not required to Answer. For this reason, IBM denies the allegations in Paragraph 108.

109. IBM denies the allegations in Paragraph 109.

110. IBM denies the allegations in Paragraph 110.

111. IBM denies the allegations in Paragraph 111.

## COUNT IV
## NEGLIGENCE/PROFESSIONAL NEGLIGENCE

112. IBM repeats and incorporates by reference its Answers to Paragraphs 1 through 111 of the Complaint. In its August 15, 2023 Memorandum Order, the Court dismissed Count IV and, therefore, IBM is not required to Answer the allegations in Count IV.

113. In its August 15, 2023 Memorandum Order, the Court dismissed Count IV and, therefore, IBM is not required to Answer the allegations in Count IV. To the extent an Answer is required, the allegations in Paragraph 113 are denied.

114. In its August 15, 2023 Memorandum Order, the Court dismissed Count IV and, therefore, IBM is not required to Answer the allegations in Count IV. To the extent an Answer is required, the allegations in Paragraph 114 are denied.

115. In its August 15, 2023 Memorandum Order, the Court dismissed Count IV and, therefore, IBM is not required to Answer the allegations in Count IV. To the extent an Answer is required, the allegations in Paragraph 115 are denied.

116. In its August 15, 2023 Memorandum Order, the Court dismissed Count IV and, therefore, IBM is not required to Answer the allegations in Count IV. To the extent an Answer is required, the allegations in Paragraph 116 are denied.

## COUNT V
## FRAUDULENT INDUCEMENT

117. IBM repeats and incorporates by reference its Answers to Paragraphs 1 through 116 of the Complaint.

118. IBM denies the allegations in Paragraph 118 and further states that in its August 15, 2023 Memorandum Order, the Court dismissed the Fraudulent Inducement claims relating to Paragraph 118 (b), (d), (e), and (f).

119. IBM denies the allegations in Paragraph 119.

120. IBM denies the allegations in Paragraph 120.

121. IBM denies the allegations in Paragraph 121.

122. IBM denies the allegations in Paragraph 122.

123. IBM denies the allegations in Paragraph 123.

124. IBM denies the allegations in Paragraph 124.

## COUNT VI
## FRAUDULENT MISREPRESENTATION

125. IBM repeats and incorporates by reference its Answers to Paragraphs 1 through 124 of the Complaint.

126. IBM denies the allegations in Paragraph 126 and further states that in its August 15, 2023 Memorandum Order, the Court dismissed the Fraudulent Misrepresentation claims relating to paragraph 126 (a)-(e), and (h).

127. IBM denies the allegations in Paragraph 127.

128. IBM denies the allegations in Paragraph 128.

129. IBM denies the allegations in Paragraph 129.

130. IBM denies the allegations in Paragraph 130.

131. IBM denies the allegations in Paragraph 131.

132. IBM denies the allegations in Paragraph 132.

133. IBM denies the allegations in Paragraph 133.

## COUNT VII
## NEGLIGENT MISREPRESENTATION

134. IBM repeats and incorporates by reference its Answers to Paragraphs 1 through 133 of the Complaint.

135.   IBM denies the allegations in Paragraph 135 and further states that in its August 15, 2023 Memorandum Order, the Court dismissed the Negligent Misrepresentation claims relating to the portion of Paragraph 135 relating to the suitability of the vanilla E1 software.

136.   IBM denies the allegations in Paragraph 136 and further states that in its August 15, 2023 Memorandum Order, the Court dismissed the Negligent Misrepresentation claims relating to Paragraph 136 (a), (c)-(e), and (h).

137.   IBM denies the allegations in Paragraph 137.

138.   IBM denies the allegations in Paragraph 138.

139.   IBM denies the allegations in Paragraph 139.

140.   IBM denies the allegations in Paragraph 140.

141.   IBM denies the allegations in Paragraph 141.

## COUNT VIII
## BREACH OF NH CONSUMER PROTECTION ACT (RSA 358-A)

142.   IBM repeats and incorporates by reference its Answers to Paragraphs 1 through 141 of the Complaint.

143.   Paragraph 143 includes a statement of law and legal interpretation which IBM is not required to Answer. For this reason, IBM denies the allegations in Paragraph 143.

144.   Paragraph 144 includes a statement of law and legal interpretation which IBM is not required to Answer. For this reason, IBM denies the allegations in Paragraph 144.

145.   IBM denies the allegations in Paragraph 145.

146.   IBM denies the allegations in paragraph 146 and further states that in its August 15, 2023 Memorandum Order, the Court dismissed Count VIII relating to Paragraph 146 (b)-(d), and (h).

162.   IBM denies the allegations in Paragraph 162.

163. IBM denies the allegations in paragraph 163.

**JURY DEMAND**

IBM does not request a jury trial in this action.

**PRAYER FOR RELIEF**

No response is required to prayers for relief. To the extent that a response is required, IBM denies that Connection is entitled to any of the relief sought in its Complaint.

**AFFIRMATIVE DEFENSES**

164. IBM incorporates the foregoing Answers as though fully set forth in each of the affirmative defenses listed below. Further, IBM reserves the right to further amend this Answer and assert any other affirmative defenses available to it at any time in the future. Without conceding that any of the following must be pled as affirmative defenses or that IBM has the burden of proof on any of them, IBM alleges the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Statute of limitations)**

Connection's claims are statutorily barred in whole or in part, including by the applicable statute of limitations.

**SECOND AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

Connection's claims are barred in whole or in part by the doctrines of waiver and estoppel.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to mitigate)**

Connection's claims are barred in whole or in part by Connection's failure to mitigate its alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

### (Unjust enrichment)

Connection's claims are barred in whole or in part on the basis that it would be unjustly enriched if allowed to recover on all or any part of the damages alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Prevention of performance)

Connection's claims are barred in whole or in part to the extent that Connection prevented IBM's performance under the contracts.

## SIXTH AFFIRMATIVE DEFENSE

### (Accord and satisfaction)

Connection's claims are barred in whole or in part by the doctrine of accord and satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

### (Limitation of liability)

Connection's claims are barred in whole or in part because of a contractual limitation of liability.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Satisfy a Condition Precedent & Connection's Contract Breach)

Connection's claims are barred in whole or in part and any IBM performance issues are excused because Connection failed to satisfy conditions precedent under the SOW and because of Connection's own contract breaches.

| Dated: September 8, 2023 | Respectfully submitted, |
|---|---|
| | International Business Machines Corporation, |
| | By its attorneys, |
| | /s/ Robert R. Lucic |
| | Robert R. Lucic (NH Bar #9062)<br>Bryanna K. Devonshire (NH Bar #269462)<br>SHEEHAN PHINNEY BASS & GREEN PA<br>1000 Elm Street, PO Box 3701<br>Manchester, NH 03105<br>(603) 627-8188<br>rlucic@sheehan.com<br>bdevonshire@sheehan.com |
| | Anne McClain Sidrys (admitted *pro hac vice*)<br>Paul M. Cozzi (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>300 N LaSalle<br>Chicago, IL 60654<br>asidrys@kirkland.com<br>paul.cozzi@kirkland.com |

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 8th day of September 2023.

                                                */s/ Robert R. Lucic*
                                                Robert R. Lucic