UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

PC CONNECTION, INC. d/b/a
CONNECTION,

                  Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

                  Defendant.

Civil Action No. 1:22-cv-00397-JL

## DISCOVERY PLAN
### Fed. R. Civ. P. 26(f)

**DATE/PLACE OF CONFERENCE:** The Rule 26(f) Conference was held on October 3, 2023, via conference call. The parties conferred further by electronic mail in an attempt to reach an agreement on a Joint Discovery Plan, but could not reach an agreement on all matters. Following a pretrial conference with the Court on October 26, 2023, the parties conferred again by electronic mail and agreed upon the matters set forth below.

**COUNSEL PRESENT/REPRESENTING:**

Daniel M. Deschenes, Esq. (Plaintiff)

John A. LeBlanc, Esq. (Plaintiff)

Paul J. Sampson (Defendant)

Bryanna K. Devonshire (Defendant)

## CASE SUMMARY

**THEORY OF LIABILITY:** Plaintiff P.C. Connection, Inc. ("Connection") alleges that Defendant International Business Machines Corporation ("IBM") breached its obligations under a statement of work ("SOW") entered into between IBM and Connection governing the implementation of certain software, as well as committed other tortious conduct in connection with the SOW. Specifically, the claims currently pending against IBM are breach of contract (Count 1), breach of the duty of good faith and fair dealing (Count 3), fraudulent inducement

(Count 5), fraudulent misrepresentation (Count 6), negligent misrepresentation (Count 7), and violation of the New Hampshire Consumer Protection Act (Count 8).

**THEORY OF DEFENSE:** IBM has several defenses to Connection's claims, including, but not limited to, that IBM fulfilled its contractual obligations under the SOW. IBM also has asserted the following Affirmative Defenses in its Answer:

- First Affirmative Defense (statute of limitations);
- Second Affirmative Defense (waiver and estoppel);
- Third Affirmative Defense (failure to mitigate);
- Fourth Affirmative Defense (unjust enrichment);
- Fifth Affirmative Defense (prevention of performance);
- Sixth Affirmative Defense (accord and satisfaction);
- Seventh Affirmative Defense (limitation of liability); and
- Eighth Affirmative Defense (failure to satisfy a condition precedent and Connection's contract breach).

**DAMAGES:** Plaintiff seeks compensatory, consequential, and punitive damages, attorney's fees and costs, and pre- and post-judgment interest.

**IBM'S STATEMENT REGARDING DAMAGES:** The evidence will show that Connection did not incur any damages resulting from the allegations set forth in the Complaint.

**DEMAND:** Plaintiff's demand must be made on or before November 10, 2023.

**OFFER:** Defendant's response to Plaintiff's demand must be made on or before December 1, 2023.

**JURISDICTIONAL QUESTIONS:** None anticipated.

**QUESTIONS OF LAW:** New York law as applied to all claims other than violation of the New Hampshire Consumer Protection Act (Count 8).

**TYPE OF TRIAL:** Jury trial on all counts so triable.

## SCHEDULE

**TRACK ASSIGNMENT:** At the October 26, 2023 hearing, the Court ordered the case be assigned to the standard track, with trial to begin February 4, 2025.

**TRIAL DATE:** Three-week trial period beginning February 4, 2025.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** Not applicable.

**AMENDMENT OF PLEADINGS:** To the extent the parties seek to amend their pleadings they will need to seek leave of Court and each side reserves the right to oppose.

**JOINDER OF ADDITIONAL PARTIES:**

**Plaintiff:** November 20, 2023

**Defendant:** December 20, 2023

**THIRD-PARTY ACTIONS:** November 20, 2023

**MOTIONS TO DISMISS:** Not Applicable to the current Complaint or Answer. Otherwise, within the time to respond to respond to any amended pleading as defined in the Federal Rules of Civil Procedure.

**COMPLETION OF FACT DISCOVERY:** July 26, 2024

**COMPLETION OF EXPERT DISCOVERY AND SUPPLEMENTATIONS:**

a. Plaintiff's expert witness disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be served on or before: July 1, 2024

b. Defendant's rebuttal expert reports shall be submitted on or before: August 2, 2024

c. Expert depositions shall be completed on or before: August 21, 2024

Supplementations under Rule 26(e) due: Supplementation of all disclosures under Rule 26(e) shall be made as soon as reasonably possible upon discovery of the supplemental information but no later than 30 days after the discovery of the information. Final supplementation shall occur no later than 15 days before the close of discovery.

**MOTIONS FOR SUMMARY JUDGMENT:** On or before September 4, 2024

**CHALLENGES TO EXPERT TESTIMONY:** On or before November 8, 2024

## DISCOVERY

**DISCOVERY NEEDED:** The parties anticipate that discovery will be necessary concerning all factual, liability-related, and remedy-related issues raised by the allegations in the Plaintiff's Complaint and the Defendant's Answer and Defenses.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):** Disclosures pursuant to Rule 26(a)(1) will be exchanged on or before December 9, 2023.

**INTERROGATORIES:** A maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:** A maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:** Each side may take up to 12 non-expert depositions. A Rule 30(b)(6) depositions will be counted as a single deposition in seven-hour increments. That is, if two persons are deposed in response to a 30(b)(6) deposition, a combined total of 7 hours will be allowed and that deposition will count as one deposition going towards that party's allowed 12 depositions. The parties may mutually agree to alter these limits, if necessary and appropriate, and in so doing shall work cooperatively with respect to the number of depositions and the total number of deposition hours.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):** The Parties shall submit for approval a separate stipulation concerning electronic information disclosures.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

In the event a party or non-party inadvertently produces or discloses documents or information protected by the attorney-client privilege, work-product doctrine, or any other privilege recognized by law, the party or non-party that inadvertently produced or disclosed the privileged information will promptly notify the party or parties to whom it was disclosed. Upon receiving such notification, the receiving party shall, within seven (7) days: (1) return the inadvertently produced information and any copies thereof; (2) destroy any remaining copies of such information; (3) not use or disclose such information further; and (4) take reasonable steps to retrieve the information if the party disclosed it before being notified. The inadvertent production of such material will not be deemed to waive any privileges. Nothing herein will prevent any party from arguing that the material was never privileged or otherwise immune from disclosure, or that such privilege or immunity has otherwise been waived. See Fed. R. Civ. P. 26(b)(5)(B). Further, the parties intend to enter into a Protective Order, which will be submitted to the Court by November 10, 2023.

The preparation of standard privilege logs would be excessively burdensome and expensive. Accordingly, no party need provide a privilege log that involves a document or other communication created on or after September 30, 2022 (the filing date of this action) or a document or communication associated with Hinckley Allen LLP or Kirkland and Ellis LLP.

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES:** The Parties engaged in settlement discussions prior to the filing of suit. Currently there are no ongoing settlement discussions. The Parties will reevaluate the possibility of settlement following the exchange of the demand and offer as set forth above.

**JOINT STATEMENT RE: MEDIATION:** The parties anticipate the possibility of revisiting settlement discussions during the course of discovery. The parties will notify the court whether mediation will occur on or before March 4, 2024.

**TRIAL ESTIMATE:** Plaintiff anticipates that its case in chief will last 7-8 days. Defendant anticipates that its case will last approximately 7-8 days.

**WITNESSES AND EXHIBITS:**

- Witness and exhibit lists, included in final pretrial statements, are due ten (10) days before final pretrial conference but not less than thirty (30) days before trial.

- Objections are due fourteen (14) days after service of final pretrial statements.

**OTHER MATTERS:** The Parties do not consent to trial by Magistrate.

[Remainder of Page Intentionally Left Blank]

| PLAINTIFF P.C. CONNECTION, INC. d/b/a CONNECTION | DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION |
|---|---|
| By its attorneys, | By its attorneys, |
| /s/ *Christopher H.M. Carter* <br> Christopher H.M. Carter (#12452) <br> Daniel M. Deschenes (#14889) <br> John A. LeBlanc (admitted *pro hac vice*) <br> Hinckley, Allen & Snyder LLP <br> 650 Elm Street, Suite 500 <br> Manchester, NH 03101 <br> Telephone: (603) 225-4334 <br> ccarter@hinckleyallen.com <br> ddeschenes@hinckleyallen.com <br> jleblanc@hinckleyallen.com <br><br> Dated: November 2, 2023 | /s/ *Robert R. Lucic* <br> Robert R. Lucic (NH Bar #9062) <br> Bryanna K. Devonshire (NH Bar #269462) <br> Sheehan Phinney Bass & Green PA <br> 1000 Elm Street <br> Manchester, NH 03101 <br> (603) 627-8188 <br> rlucic@sheehan.com <br> bdevonshire@sheehan.com <br><br> Anne McClain Sidrys (admitted *pro hac vice*) <br> Paul M. Cozzi (admitted *pro hac vice*) <br> Kirkland & Ellis LLP <br> 300 N LaSalle <br> Chicago, IL 60654 <br> asidrys@kirkland.com <br> paul.cozzi@kirkland.com <br><br> Paul J. Sampson (admitted *pro hac vice*) <br> Kirkland & Ellis LLP <br> 95 South State Street <br> Salt Lake City, UT 84111 <br> paul.sampson@kirkland.com |