UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| PC CONNECTION, INC. d/b/a CONNECTION, <br><br> *Plaintiff*, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> *Defendant*. | Civil Action No.: 1:22-cv-00397-SE-AJ <br><br> The Honorable Samantha D. Elliott |

## MEMORANDUM OF LAW IN SUPPORT
## OF IBM'S MOTION TO COMPEL DISCOVERY

PC Connection, Inc. d/b/a Connection ("Connection") filed this lawsuit against International Business Machines Corporation ("IBM") alleging breach of contract and fraud. At the heart of the dispute is a 2017 contract for IBM and Connection to jointly perform a software implementation upgrade at Connection. Connection alleges the software implementation failed and, as a result of IBM's breaches, it lost customers and revenue. IBM propounded an interrogatory to test those allegations and to determine whether follow-on factual discovery may be necessary. Connection refused to provide *any* information in response to the interrogatory, stating that such discovery was premature. IBM is entitled to such relevant and important discovery under Local Rule 37.1. IBM, therefore, moves this court to order Connection to provide a complete factual response to IBM's Interrogatory No. 14.

## BACKGROUND

In its Complaint, Connection alleges IBM's breach of the 2017 contract resulted in direct customer impacts—"significant loss of revenue" and "loss of … long-time customers." Dkt. 1 ("Compl.") ¶¶ 80, 85; *see also id.* ¶ 83 (the "deficiencies caused incorrect bills to be issued, resultant late (or no) payments, and severe customer satisfaction impacts"); *id.* ¶ 87 (the issues "caus[ed] extreme client frustration, some of which took their business elsewhere"). In order to learn the factual basis for such claims, on February 22, 2024, IBM issued the following interrogatory:

> **INTERROGATORY NO. 14:**
>
> Name the customers that Connection lost or that caused Connection to lose revenue because of the defective ERP system as alleged in Complaint paragraphs 80, 82-83, 85, and 87. For each customer, state when the customer was lost or the loss of revenue occurred and how much revenue was lost as a result.

(Ex. 1, IBM's Second Set of Interrogatories No. 14).

Connection's response to this interrogatory was originally due on March 25, 2024. On March 22, 2024, counsel for Connection requested, and IBM agreed to, an extension to April 3, 2024. On April 3, Connection requested another extension to April 12, 2024, which IBM also agreed to. (Ex. 2, Apr. 3, 2024 email from B. Devonshire). On April 12, 2024—nearly two months after IBM sought what it considers to be very straightforward factual information—Connection provided the following objections and responses to Interrogatory No. 14:

**ANSWER TO INTERROGATORY NO. 14**

Plaintiff objects to IBM's characterization of this Interrogatory and each subpart contained therein as IBM's fourteenth interrogatory. Pursuant to the Discovery Order issued by the Court on December 22, 2023, this Interrogatory and each subpart contained therein constitutes IBM's nineteenth interrogatory. Plaintiff further objects to this Interrogatory and each subpart contained therein because Plaintiff *anticipates that this topic will be the subject of expert testimony, the disclosure of which is premature at this time. Plaintiff will make such expert testimony and disclosures available at the appropriate juncture* per the rules of civil procedure, local rules, and Court order.

(Ex. 3, Connection's Objections and Responses to IBM's Second Set of Interrogatories at No. 14 (emphasis added)).  In short, Connection refused to provide IBM with any details supporting its allegations during fact discovery.

On April 15, 2024, counsel for IBM requested Connection to amend its response and provide answers to Interrogatory No. 14. IBM's counsel explained that Interrogatory No. 14 seeks the facts relating to allegations in the Complaint.  IBM stated that if Connection refused to amend its improper objections and provide the factual information, it would raise this issue with the Court.  (Ex. 4, Apr. 15, 2024 email from P. Sampson).  On April 17, 2024, counsel for Connection informed IBM that it agrees to provide a "supplementation to its answer" "next week."  (Ex. 4, Apr. 17, 2024 email from D. Deschenes).  IBM responded and asked Connection to confirm its "supplementation" will include the actual facts and information sought and, given that IBM had already provided Connection with two extensions, stated the information needed to be provided by Friday, April 19.  (Ex. 4, Apr. 17, 2024 email from P. Sampson).  IBM has waited for two months for a response to its interrogatory and felt it could not risk receiving a supplementation that did not include the actual factual information.  As of this filing, Connection has not responded.

3

## **ARGUMENT**

When a party files a complaint initiating an action in federal court, the attorney (or attorneys) representing the party "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] … the factual contentions have evidentiary support … after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). In discovery, the party accused of misconduct in a complaint may seek discovery of any non-privileged matter relevant to any party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1). And, in the face of incomplete or evasive discovery responses, that party may file a motion to compel. *See* Fed. R. Civ. P. 37(a). The party seeking discovery has the burden of showing (1) the relevance of the matter and (2) that the answers are incomplete, evasive or inadequate. *Bourne v. Arruda*, 2012 WL 1107694, at *2 (D.N.H. Apr. 2, 2012), supplemented, 2012 WL 2159613 (D.N.H. June 12, 2012). The party resisting the motion bears the burden of establishing any applicable privilege justifying the nondisclosure of information. *Jewell v. United States*, 2012 WL 2339682, at *2 (D.N.H. June 19, 2012).

Here, the information sought by Interrogatory No. 14 is undoubtedly relevant. In multiple places in its Complaint, Connection claims IBM's breaches resulted in direct customer impacts—"significant loss of revenue" and "loss of … long-time customers." Compl. ¶¶ 80, 85; *see also* ¶¶ 83, 87. Interrogatory No. 14 is aimed at identifying the names of the customers referenced in the Complaint, when they were lost, when the loss of revenue associated with them occurred, and how much revenue was lost as a result. This is a straightforward factual request which may very well provide IBM "with a 'roadmap' for further discovery decreasing the time and cost of litigation." *In re Textron, Inc.*, 2012 WL 12876091, at *2 (D.R.I. Apr. 11, 2012)

(requiring party to provide "most complete answers [it] can at this time" to interrogatories); *Frank v. City of Manchester*, 2010 WL 4720121, at *4 (D.N.H. Nov. 15, 2010) (information sought in an interrogatory relating to "claims of financial loss, financial hardship, and reputational injury" is relevant).

Connection does not rely on any applicable privilege that may allow it to hold back such discovery. Rather, nearly two months after IBM made the discovery request, Connection simply states the topic of Interrogatory No. 14 "will be the subject of expert testimony, the disclosure of which is premature at this time." (Ex. 3 at No. 14). Connection's response (or rather non-response) is wholly incomplete, evasive, and inadequate, and must therefore be treated as a failure to respond altogether. Fed. R. Civ. P. 37(a)(4). While a plaintiff's calculation of damages may be deferred to the expert stage, that in no way means the underlying factual allegations and claims are not the subject of fact discovery. *Hamelin v. Kinder Morgan, Inc.*, 2022 WL 17752133, at *6 (D. Mass. Dec. 19, 2022) (granting motion to compel production of documents seeking "discovery concerning the factual bases of the plaintiffs' claims" and explaining that plaintiffs may not "withhold the factual references on which their experts will rely until the expert phase"); *see also Lexington Luminance LLC v. Feit Elec. Co.*, 2020 WL 10052403, at *10 (C.D. Cal. July 8, 2020) (factual information sought in interrogatory central to the claims and defenses is "not premature expert discovery," even though "an expert may later rely upon those facts in formulating an expert opinion"); *Aristocrat Techs. v. Int'l Game Tech.*, 2009 WL 3573327, at *2 (N.D. Cal. Oct. 30, 2009) (granting motion to compel response to interrogatory that requested "all facts" concerning damages and lost profits attributable to claims). As a matter of law, Connection cannot avoid or delay providing IBM with ***facts*** that underlie its claims.

**CONCLUSION**

Connection specifically claims (several times) that IBM's alleged breaches resulted in a loss of customers, impacted its client relationships, and caused it to lose revenue. Compl. ¶¶ 80, 83, 85, 87. To have satisfied its Rule 11 obligation, Connection must know and have identified those customers and the impact on its business. *See* Fed. R. Civ. P. 11(b)(3) ("By presenting to the court a pleading … an attorney or unrepresented party certifies that … the factual contentions have evidentiary support"); *Milestone Eng'g & Const., Inc. v. Fire Equip., Inc.*, 2013 WL 6533143, at *3 (D.N.H. Dec. 13, 2013) (plaintiff may allege in complaint "only those 'factual contentions [that] have evidentiary support'" (quoting Fed. R. Civ. P. 11(b)(3))). IBM is entitled to know the underlying basis for those allegations so it may follow up with any necessary fact discovery. *In re One Bancorp Secs. Litig.*, 134 F.R.D. 4, 8 (D. Me. 1991) ("Consistent with Rule 11 of the Federal Rules of Civil Procedure, Plaintiffs must have some factual basis for the allegations in their complaint. Plaintiffs must answer … interrogatories with such information as they now possess ….").

Thus, for the reasons set forth in this Memorandum, IBM respectfully requests that the Court order Connection to provide a complete response to IBM's Interrogatory No. 14.

Respectfully submitted,

**INTERNATIONAL BUSINESS MACHINES CORPORATION**

By its attorneys,

Dated: April 17, 2024

 */s/ Robert R. Lucic*
Robert R. Lucic (NH Bar #9062)
Bryanna K. Devonshire (NH Bar #269462)
Sheehan Phinney Bass & Green PA
1000 Elm Street
Manchester, NH 03101
(603) 627-8188
rlucic@sheehan.com
bdevonshire@sheehan.com

Anne McClain Sidrys (admitted pro hac vice)
Paul M. Cozzi (admitted pro hac vice)
Kirkland & Ellis LLP
333 West Wolf Point Plaza
Chicago, IL 60654
asidrys@kirkland.com
paul.cozzi@kirkland.com

Paul J. Sampson (admitted pro hac vice)
Kirkland & Ellis LLP
95 South State Street
Salt Lake City, UT 84111
paul.sampson@kirkland.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of the filing to the Plaintiff's Counsel of Record.

*/s/ Robert R. Lucic*<br>
Robert R. Lucic